# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____

SALIK HINTON,  :
 :
       Plaintiff,  :    Civ. No. 18-16088 (FLW) (LHG)
 :
v.  :
 :
SERGEANT KAMIL WARRAICH et al.,  :    **MEMORANDUM OPINION**
 :
       Defendants.  :
_____ :

**<u>FREDA L. WOLFSON, U.S.D.J.</u>**

      Plaintiff, Salik Hinton ("Hinton" or "Plaintiff"), is a state prisoner who is proceeding *pro se* with this Complaint asserting violations of his civil rights under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Hinton was granted leave to proceed *in forma pauperis*, and the Court now undertakes a screening of his Complaint pursuant to 28 U.S.C. § 1915. For the reasons stated herein, Hinton will be ordered to show cause why his Complaint should not be dismissed as facially untimely.

      Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). Hinton alleges that, on February 4, 2016, he was walking on a sidewalk in Asbury Park, New Jersey, when officers from the Asbury Park Police Department stopped him and searched him. (ECF No. 1 at ECF p. 8.) Hinton asserts that, although the officers found no contraband, they arrested him under the pretense that he was trespassing. (*Id.*) At the police station, Hinton alleges that he was again searched twice, then subjected to a strip search, and, ultimately, that defendant officers Joe Leon ("Leon") and Ja'von Britt ("Britt") held his arms while defendant Sergeant Kamil Warraich

("Warraich") "placed Plaintiff in a choke hold with one arm while he used the five fingers of his other hand[] to sexually assault Plaintiff by digging into his rectum." (*Id.* at ECF pp. 8–9 (capitalization rectified).) Hinton explains that he was released from custody the same day, and went to a hospital emergency room for treatment of rectal and neck pain. (*Id.* at ECF pp. 9–10.)

Hinton also asserts that, the following day, he registered a complaint regarding the incident with the police department's Office of Professional Standards and Accountability. (*Id.* at ECF p. 10.) He alleges that the departmental investigation ultimately concluded that there was "sufficient evidence to prove the allegation of an improper search, and the actions of the officers violated a provision of the agency's rules and regulations or procedures." (*Id.* at ECF p. 11 (capitalization rectified).) Hinton contends that, on May 30, 2016, he was again arrested by defendants Warraich and Leon while he was sitting on the steps of a family member's residence. (*Id.* at ECF pp. 10–11.) Hinton seeks to assert claims under 42 U.S.C. § 1983 against Warraich, Leon, and Britt for false arrest, false imprisonment, malicious prosecution, unlawful search, excessive force, sexual assault, abuse of process, cruel and unusual punishment, and retaliation. (*See id.* at ECF pp. 13–17.) He further seeks to hold the Asbury Park Police Department responsible under a theory of *Monell* liability. (*Id.* at ECF p. 17.)

The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Here, the Court first assesses the timeliness of Hinton's Complaint. "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart,* 532 F. App'x 110, 111–12 (3d Cir. 2013); *see also Hunterson v. Disabato,* 244 F. App'x 455, 457 (3d Cir. 2007) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(l) where it is apparent from the complaint that the applicable statute of limitations has run."). Causes of action under 42 U.S.C. § 1983 are subject to the same two-year statute of limitations as claims for other personal injuries under New Jersey state law. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)); *Evans v. Gloucester Twp.*, 124 F.

Supp. 3d 340, 349 (D.N.J. 2015) (citing *Pittman v. Metuchen Police Dep't*, 441 F. App'x 826, 828 (3d Cir. 2011)).

Hinton's claims appear to be untimely from the face of the Complaint. He alleges that the bulk of the underlying acts and harm occurred on February 4, 2016, and that a potentially retaliatory arrest occurred on May 30, 2016. (*See* ECF No. 1.) Therefore, the two-year limitations periods for his claims ended, respectively, as of February 4, 2018, and May 30, 2018. The Complaint, dated November 2, 2018, was received by the Clerk's Office on November 7, 2018. (*See* ECF No. 1.) Even giving Hinton the benefit of the "prison mailbox rule," *see Houston v. Lack*, 487 U.S. 266, 270–71 (1988),[1] it is clear he did not file his Complaint until more than five months after the expiration of the latest limitations period. Thus, the Complaint is facially untimely.

In the cover letter to his Complaint, Hinton wrote,

> Plaintiff also asks the Court to consider the fact that a civil lawyer had agreed to take on this case however circumstances beyond my control, resulted in this attorney recently informing me that he is no longer able to handle the case. Plaintiff is willing to put in detail the circumstances that ca[u]se this filing to be a few week[s] late of the filing deadline.

(ECF No. 1-1 (capitalization rectified).) This request seems to implicate the doctrine of equitable tolling, which, under New Jersey law, may arise

> where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted

---

[1] In *Houston v. Lack*, 487 U.S. 266, the Supreme Court held that a document submitted to the Court by a *pro se* prisoner litigant should be deemed filed not when stamped received by the Clerk's office, but instead "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." *Id.* at 275–76. In this case, as Hinton dated his signature of the Complaint as November 2, 2018, I proceed on the assumption that this date also represents the earliest possible time that the Complaint could have been given to prison authorities for mailing.

4

> his rights mistakenly by either defective pleading or in the wrong forum.

*Cason v. Arie Street Police Dep't,* Civ. No. 10–497 (KSH), 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (quoting *Freeman v. State,* 788 A.2d 867, 879–80 (N.J. Super. Ct. App. Div. 2002)). The Court of Appeals for the Third Circuit has noted that "'[a] petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some extraordinary circumstances stood in [the] way.'" *Hanani v. N.J. Dep't of Evnt'l Protection*, 205 F. App'x 71, 77 (3d Cir. 2006) (quoting *Satterfield v. Johnson*, 434 F.3d 185, 188 (3d Cir. 2006)). The vague statement in Hinton's cover letter that circumstances beyond his control caused his attorney to withdraw does not suffice to justify a grant of equitable tolling. I will, however, permit Hinton an opportunity to expand upon this point by ordering him to show cause, within 45 days, why his case should not be dismissed as facially untimely.

For the reasons explained above, upon screening the Complaint, the Court orders Hinton to show cause within 45 days why his Complaint should not be dismissed as untimely. An appropriate order follows.

DATED: May 6, 2019  *s/Freda L. Wolfson*
FREDA L. WOLFSON
United States District Judge